UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-00098-1D

| | |
|---|---|
| **United States of America**, <br><br> v. <br><br> **Tashawn Qwantreal Thorne**, <br><br>　　　　　Defendant. | **Order** |

On May 19, 2016, Defendant Tashawn Qwantreal Thorne appeared before the undersigned for an initial appearance. At the hearing, Thorne did not have counsel and did not request that the court appoint him counsel. When the court questioned Thorne to determine whether he understood the benefits of counsel, the dangers of self-representation, and the disadvantages of self-representation, Thorne provided nonsensical responses. After the inquiry, the court determined that Thorne waived his right to counsel and appointed the Federal Public Defenders Office as stand-by counsel.

However, in light of the Fourth Circuit Court of Appeals's opinion in *United States v. Ductan*, 800 F.3d 642 (4th Cir. 2015), the court revisits the issue and concludes that Thorne's nonsensical answers did not allow it to fully determine whether Thorne's waiver of counsel was made knowingly and intelligently. *See id.* at 652–53 ("[Defendant's] nonsense responses prevented [the magistrate judge] from fully exploring [the defendant's] understanding of the proceedings and the dangers of proceeding pro se….In these circumstances, our default rule required that counsel be appointed for [defendant] until he either effected a proper waiver or retained a lawyer."). Accordingly, the court finds that Thorne qualifies as an indigent and appoints the Federal Public Defenders Office to represent him. If, after consultation with Thorne,

the Federal Public Defenders Office determines that Thorne wishes to waive his right to counsel, they may file a motion to withdraw and the court will address it at the appropriate time.

Dated: May 20, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge

2

Case 5:16-cr-00098-D   Document 12   Filed 05/20/16   Page 2 of 2